UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL MORRISON, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:13-cv-1581-TWP-DKL |
| ) | |
| IDOC PAROLE CHAIRMAN GREGORY ) | |
| D. SERVER, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry and Order Dismissing Action**

**I.**

Because Michael Morrison is a ″prisoner″ as defined by 28 U.S.C. ′ 1915(h), the court has screened his complaint as required by 28 U.S.C. ′ 1915A(b). As a result of this screening, the court finds that the action must be dismissed.

Pursuant to ′ 1915A(b), "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). A complaint falls within this category if it "alleg[es] facts that show there is no viable claim.″ *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th. Cir. 2008).

Morrison sues the Chairman and other members of the Indiana Parole Board. His claims are that the Parole Board wrongfully resolved issues at a revocation hearing on May 24, 2012, and at a parole reinstatement hearing on May 22, 2013. He seeks declaratory judgment to this effect and compensatory and punitive damages.

The pivotal legal principle requiring application in this case is this: where ″success in a . . . [42 U.S.C. ′] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or

federal habeas, opportunities to challenge the underlying conviction or sentence.@ *Muhammad v. Close,* 540 U.S. 749, 751 (2004) (citing to *Heck v. Humphrey,* 512 U.S. 477 (1994)); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007) (A*Heck* . . . holds that the plaintiff in an action under 42 U.S.C. ' 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon.@).

The rule in *Heck* applies to proceedings that call into question the fact or duration of parole. *Littles v. Bd. of Pardons and Paroles Div.,* 68 F.3d 122, 123 (5th Cir. 1995) (applying *Heck* to parole revocation). A favorable decision on Morrison's claims would necessarily call into question the revocation of his parole and the later decision to not reinstate that parole. *See White v. Gittens,* 121 F.3d 803, 807 (1st Cir. 1997) (concluding that ' 1983 claim based on revocation of parole was barred by *Heck;* A[a] favorable decision in the ' 1983 proceeding would necessarily call into question the validity of the state's decree revoking [plaintiff's] parole and ordering him back to prison. *Heck* therefore applies, and the ' 1983 action is not cognizable in a federal court@).

The result of the foregoing is that the complaint fails to state a claim upon which relief can be granted. The dismissal of the action is therefore mandatory, *see Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002), although the dismissal shall be without prejudice.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 10/28/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Michael Morrison
DOC #137770
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362